Julie R. Samples, OSB 014025
jsamples@oregonlawcenter.org
Oregon Law Center
138 NE 3rd Ave, Suite 203
Gresham, Oregon 97030
Telephone: (503) 726-4381
Facsimile: (503) 726-4382

David Henretty, OSB 031870
dhenretty@oregonlawcenter.org
Oregon Law Center
522 SW 5th Ave, Suite 812
Portland, Oregon 97204
Telephone: (503) 473-8684
Facsimile: (503) 295-0676

Of Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# EUGENE DIVISION

| | |
|---|---|
| **MARIA GUADALAUPE MERAZ**, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| | Employment Discrimination (U.S.C. §§ 2000e-2, 3, et al) |
| **VAN'S NURSERY, INC.**, an Oregon corporation, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

## INTRODUCTION

Plaintiff Maria Guadalupe Meraz's co-worker harassed and assaulted her at work. Plaintiff's employer, Van's Nursery, Inc., ("Van's Nursery") not only failed to take appropriate action to prevent further harassment, it terminated her employment because she reported the harassment. Plaintiff seeks her damages, attorneys fees, and costs as a result of the unlawful discrimination she suffered at work.

## JURISDICTION

1. This Action arises in part under Title VII of the Civil Rights Act of 1964 (Title VII) and this Court has jurisdiction over action brought under Title VII pursuant to 42 U.S.C. § 2000e-5(f)(3).

2. This Court additionally has jurisdiction over this Action pursuant to 28 U.S.C. § 1331 as it arises under the laws of the United States and pursuant to 28 U.S.C. §1343(a)4) as it arises under an Act of Congress providing for the protection of civil rights.

3. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims, as they are so related to the claims within the Court's original jurisdiction that they form part of the same case and controversy under Article 3 of the United States Constitution.

4. Venue is proper is this District pursuant to 28 U.S.C. § 1391(b) given that Defendant resides in Oregon, conducts regular business in Oregon, and all of the events giving rise to Plaintiff's claims occurred in Oregon.

    ///

    ///

    ///

## PARTIES

5. Plaintiff Maria Guadalupe Meraz is a woman who at all times relevant was a resident of Marion County, Oregon and was employed by Defendant Van's Nursery from approximately April 10, 2017 until January 3, 2019.

6. At all times relevant, Defendant Van's Nursery was a domestic corporation doing business in Oregon; the nursery is located in Salem, Oregon (Marion County).

7. At all times relevant, Defendant employed at least 15 people and was engaged in industry affecting commerce.

8. Robert Van Klaveren is the President of Van's Nursery and the direct supervisor of Van's Nursery's employees, including Plaintiff.

## EXHAUSTION OF ADMINISTATIVE REMEDIES

9. On or about October 28, 2019, Plaintiff timely and simultaneously filed charges against Defendant with the Oregon Bureau of Labor and Industries (BOLI) and with the Equal Employment Opportunities Commission (EEOC) pursuant to a work sharing agreement between the two agencies.

10. On October 28, 2020, BOLI issued Plaintiff notice of her right to file a private civil suit with regard to her 659A.030 claims.

11. On January 25, 2021, EEOC emailed and mailed Plaintiff notice of her right to file a private civil suit with regard to her Title VII claims.

## FACTS

12. Beginning in 2017 and throughout her employment with Van's Nursery, Plaintiff's co-worker, Artemio Calzado, subjected her to unwelcome and inappropriate comments and

touching at work, including insisting that she have sex with him, hugging her without her permission, and assaulting her by touching her inner thigh on at least two occasions.

13. Initially, Mr. Calzado frequently oogled Plaintiff while she worked, causing her discomfort and humiliation.

14. Throughout her employment, Mr. Calzado also walked very closely behind Plaintiff at work, causing her discomfort, fear and anxiety.

15. In the fall of 2017, Mr. Calzado hugged Plaintiff without her permission and she told him to stop and that his actions upset her.

16. Mr. Calzado continued to stare and touch Plaintiff at work on an almost daily basis throughout her employment.

17. During this time, while they were working, Mr. Calzado also began asking Plaintiff for sex. Plaintiff always opposed his advances.

18. Mr. Calzado called other women at work derogatory terms such as "slut" and "whore," which Plaintiff considered to be disrespectful and degrading to women, including herself.

19. Plaintiff considered Mr. Calzado's conduct towards her to be inappropriate and asked him to stop his harassment on many occasions but he ignored her.

20. In July 2018, Mr. Calzado groped Plaintiff's inner thigh with his hand, causing her discomfort, fear, anxiety, worry, and humiliation.

21. The cumulative effect of the walking closely behind her, hugging, groping, and comments at work made Plaintiff apprehensive each day she worked. She was afraid the harassment would continue.

22. Plaintiff reported the harassment to Robert Van Klaveren in July 2018.

23. In response to Plaintiff's report, Defendant did not perform an investigation and Defendant did not take any corrective or remedial actions or any actions to prevent future harassment. Mr. Calzado's conduct toward Plaintiff continued as before.

24. In December 2018, Mr. Calzado again placed his hand on Plaintiff's inner thigh at work and Plaintiff pushed it away.

25. Plaintiff reported the incident to Mr. Van Klaveren the same day.

26. Defendant did not investigate nor take any action to correct or prevent continued harassment in response to Plaintiff's report regarding the second time Mr. Calzado touched her inner thigh at work.

27. Less than a month later, Defendant terminated Plaintiff's employment.

28. Defendant told Plaintiff it terminated her because it had a rule that no more than three family members could work together. Defendant's reason for Plaintiff's termination was pretext as there was no such rule and Plaintiff did not have family workers working there at the time.

29. Because of Defendant's actions, Plaintiff has suffered and continues to suffer emotional distress including but not limited to anxiety, fear, discomfort, worry, and humiliation.

## CLAIMS FOR RELIEF

### First Claim- Sexual Harassment, 42 U.S.C. § 2000e-2(a)(1)

30. Paragraphs 1-29 are incorporated by reference.

31. By subjecting Plaintiff to unwelcome sexual advances and permitting a work environment in which Plaintiff was subject to harassment, discrimination, assault, and intimidation because of her sex, Defendant discriminated against Plaintiff in violation of 42 U.S.C. § 2000e-2(a)(1).

32. The unwelcome sexual advances and work environment in which Plaintiff was subject to harassment, discrimination, assault, and intimidation interfered with the terms and conditions of her employment in violation of 42 U.S.C. § 2000e-2(a)(1).

33. As a result of Defendant's actions, Plaintiff is entitled to damages in an amount to be determined at trial and attorney fees and costs pursuant to 42 U.SC. § 2000e-5(k).

### Second Claim- Sexual Harassment, ORS 659A.030(1)(a)

34. Paragraphs 1-29 are incorporated by reference.

35. By subjecting Plaintiff to unwelcome sexual advances and permitting a work environment in which Plaintiff was subject to harassment, discrimination, assault, and intimidation because of her sex, defendant discriminated against Plaintiff in violation of ORS 659A.030(1)(a).

36. The unwelcome sexual advances and work environment in which Plaintiff was subject to harassment, discrimination, assault, and intimidation interfered with the terms and conditions of her employment in violation of ORS 659A.030(1)(b).

37. As a result of Defendant's actions, Plaintiff is entitled to damages in an amount to be determined at trial and attorney fees and costs pursuant to ORS 659A.885.

### Third claim- Retaliation, 42 U.S.C. §2000e-3(a)

38. Paragraphs 1-29 are incorporated by reference.

39. By terminating Plaintiff's employment after she reported harassment, Defendant retaliated against Plaintiff in violation of 42 U.S.C. §2000e-3(a).

40. As a result of Defendant's actions, Plaintiff is entitled damages in an amount to be determined at trial and attorneys fees and costs pursuant to 42 U.SC. § 2000e-5(k).

///

**Fourth Claim- Retaliation, ORS 659A.030(1)(f)**

41. Paragraphs 1-29 are incorporated by reference.

42. By terminating Plaintiff's employment after she reported harassment, Defendant retaliated against Plaintiff in violation of ORS 659A.030(1)(f).

43. As a result of Defendant's actions, Plaintiff is entitled to damages in an amount to be determined at trial and attorneys fees and costs pursuant to ORS 659A.885.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

Award judgment in favor of Plaintiff and against Defendant, for:

a. Compensatory damages in an amount to be determined at trial;

b. Costs and reasonable attorney fees, pursuant to 42 U.S.C. § 2000e-5(k) and ORS 659A.885; and

c. Such other relief that the Court may deem just and proper.

///

///

///

///

///

///

///

///

///

///

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated this 26th day of January 2021.

        s/ Julie R. Samples
        Julie R. Samples, OSB 014025
        jsamples@oregonlawcenter.org
        Oregon Law Center
        138 NE 3rd Ave, Suite 203
        Gresham, Oregon 97030
        Telephone: (503) 726-4381
        Facsimile: (503) 726-4382

        David Henretty, OSB 031870
        dhenretty@oregonlawcenter.org
        Oregon Law Center
        522 SW 5th Ave, Suite 812
        Portland, Oregon 97204
        Telephone: (503) 473-8684
        Facsimile: (503) 295-0676